IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:13-CV-274-BR

| | | |
|---|---|---|
| DAX WILLIAMS AND ANGELA WILLIAMS, | ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | ORDER |
| BERTIE BUTLER D/B/A SOUTHERN MINI STORAGE, | ) ) ) | |
| Defendant. | ) ) ) | |

This matter is before the court on plaintiffs' motion for partial summary judgment. (DE # 16.) Defendant filed a response in opposition to the motion, (DE # 20), to which plaintiffs filed a reply, (DE # 21). This matter is ripe for disposition.

On 10 April 2013, plaintiff Dax Williams, who is a member of the United States Army, and his wife, plaintiff Angela Williams, initiated this action asserting claims under the Servicemembers Civil Relief Act ("SCRA"), 50 U.S.C. app. § 501 *et seq.*, and North Carolina law. (Compl., DE # 1.) Their claims arise out of the termination of their lease of a storage unit owned and operated by defendant and defendant's disposal of property plaintiffs had stored in the unit. (Id. ¶ 2.)

Plaintiffs move for summary judgment only as to defendant's liability for violation of the SCRA. (Mot., DE # 16, at 1.)

> The SCRA "provides [to members of the armed services] a variety of protections against such diverse ills as cancellation of life insurance contracts . . . and taxation in multiple jurisdictions." *Gordon v. Pete's Auto Serv. of Denbigh*, 637 F.3d 454, 458 (4th Cir. Va. 2011). Additionally, the Act prevents such civil actions as foreclosures on servicemembers' property while they are serving in the military. *See* 50 U.S.C. App. § 532(3).

Morse v. Va. Dep't of Corr., Civil Action No. 3:13cv361, 2014 WL 1308725, at *5 (E.D. Va. Mar. 31, 2014) (alteration and omission in original). The SCRA includes an express private right of action for damages. 50 U.S.C. app. § 597a(a).

Plaintiffs claim that because defendant did not obtain a court order prior to disposing of plaintiffs' property to enforce a lien, defendant violated § 537(a)(1) of the SCRA. (Compl., DE # 1, ¶ 32.) Section 537 provides in relevant part:

> (a) Liens
>> (1) Limitation on foreclosure or enforcement
>> A person holding a lien on the property or effects of a servicemember may not, during any period of military service of the servicemember and for 90 days thereafter, foreclose or enforce any lien on such property or effects without a court order granted before foreclosure or enforcement.
>> (2) Lien defined
>> For the purposes of paragraph (1), the term "lien" includes a lien for storage, repair, or cleaning of the property or effects of a servicemember or a lien on such property or effects for any other reason.

50 U.S.C. app. § 537. Defendant concedes his liability to plaintiff Dax Williams under the SCRA. (Resp., DE # 20, at 4.) However, he contests liability to plaintiff Angela Williams on the ground that she is not protected by the Act. (Id.) The protections of § 537 of the SCRA extend to a servicemember's "dependent"[1] as follows.

> Upon application to a court, a dependent of a servicemember is entitled to the protections of this title if the dependent's ability to comply with a lease, contract, bailment, or other obligation is materially affected by reason of the servicemember's military service.

50 U.S.C. app. § 538. Assuming without deciding that by filing this action, plaintiff Angela

---

[1] A "dependent" includes the servicemember's spouse. 50 U.S.C. app. § 511(4)(A).

Williams has satisfied the obligation under § 538 to make "application to a court," the court agrees with defendant that she has not shown that her ability to comply with the storage unit lease was materially affected by reason of her husband's military service. Although there is evidence that plaintiffs were delinquent in the payment of the monthly rental fee in accordance with the lease, (see A. Williams Decl., DE # 16-3, ¶¶ 8, 10), plaintiffs have submitted no evidence that the failure to do so was due to plaintiff Dax Williams' military service. Cf. Tucson Telco Fed. Credit Union v. Bowser, 451 P.2d 322, 324 (Az. Ct. App. 1969) (recognizing that "[i]t is uncontroverted that [the wife's] ability to pay was impaired by [her husband's] induction" and holding that the wife, as a dependent, is entitled to protection under the former version of the SCRA). Accordingly, plaintiff Angela Williams cannot show that she is entitled to the protections afforded by § 537.

For the foregoing reasons, plaintiffs' motion for partial summary judgment is ALLOWED IN PART. It is ORDERED, ADJUDGED, and DECREED that

1. defendant has violated 50 U.S.C. app. § 537(a)(1) as to plaintiff Dax Williams, and
2. defendant has no liability to plaintiff Angela Williams under 50 U.S.C. app. § 537(a)(1).

The issue of plaintiff Dax Williams' damages for defendant's violation of 50 U.S.C. app. § 537(a)(1) and the issue of liability and damages on plaintiffs' state law claims remain for trial.

This 26 June 2014.

 W. Earl Britt
 Senior U.S. District Judge